**UNITED STATES OF AMERICA,**
**Appellee,**

v.

**C. Gregory EARLS, Defendant–**
**Appellant.**

**No. 05–1493–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

John J.E. Markham, II, Markham & Read, Boston, MA, for Appellant.

William J. Stellmach, Special Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: KEARSE, CARDAMONE, and CABRANES, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant C. Gregory Earls appeals from a judgment of conviction entered on March 2, 2005 in the District Court following a jury trial at which Earls was found guilty of securities fraud, wire fraud, and mail fraud. The District Court sentenced Earls principally to 125 months' imprisonment and three years' supervised release, and it ordered him to pay $21,971,628 in restitution. We assume the parties' familiarity with the facts and procedural background of this case.

On appeal, Earls asserts, *inter alia*, that the District Court (1) improperly admitted evidence of previous investment schemes and other conduct unrelated to the crimes charged in the indictment, thereby encouraging the jury to draw impermissible "propensity" inferences based on Earls's prior bad acts, (2) improperly questioned Earls

in a manner that signaled to the jury the Court's skepticism of Earls's testimony and defense, and (3) erred in sentencing Earls by improperly relying on an "emotional letter submitted by an investor who blamed Earls for the trauma [Earls] caused," Br. of Def.-Appellant at 45.

We review a district court's evidentiary rulings for abuse of discretion, *see United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002), according "[p]articular deference ... to a ruling of the trial judge with respect to relevancy" because the trial judge "has a familiarity with the development of the evidence and the jury's reaction to it which an appellate court cannot equal," *United States v. Southland Corp.,* 760 F.2d 1366, 1375 (2d Cir.1985). With regard to evidence offered pursuant to Federal Rule of Evidence 404(b), "[w]e follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test" set forth in Federal Rule of Evidence 403. *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir. 1994). Evidence of prior criminal activity may be admitted, even if uncharged, where it "arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000).

Upon our review of the record, we hold that the District Court did not abuse its discretion by admitting evidence that Earls participated in two prior investment schemes that strongly resembled USV Partners—the investment vehicle that Earls used to defraud investors of over twenty million dollars—because evidence of these schemes "complete[d] the story of the crime on trial" by clarifying for the jury how Earls "misappropriat[ed] funds from USV Partners in order to return funds to investors from his prior ventures, [and] at times converted the profits due these investors into an equivalent financial interest in USV Partners .... without ever seeking authorization from the actual investors of USV Partners." Indictment ¶ 31. [A 32] Moreover, evidence concerning Earls's past investment schemes was highly probative of Earls's motive and intent to defraud investors, both of which were contested at trial. *See United States v. Colon,* 880 F.2d 650, 657 (2d Cir.1989) (distinguishing between "defense theories that claim that the defendant did not do the charged act at all, and those that claim that the defendant did the act innocently or mistakenly").

With respect to Earls's argument that the District Court improperly admitted certain evidence of other "bad acts" unrelated to Earls's investment ventures—such as his reneging on financial commitments to various nonprofit institutions—we hold that the admission of such evidence was, at worst, harmless error because the challenged testimony was " 'unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.' " *United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992) (quoting *Yates v. Evatt,* 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)). As the District Court correctly noted, the evidence introduced by the Government to establish Earls's guilt was "overwhelming"; accordingly, we hold that the errors alleged by Earls on appeal were harmless inasmuch as they did not "substantially sway[ ]" the jury's verdict. *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Defendant's contention that the District Court improperly questioned Earls in a

manner that signaled to the jury its skepticism of Earls's testimony is similarly unavailing. Despite Earls's contention that the tone of the court's questions was "accusatory," Br. of Def.-Appellant at 2, Earls did not object to any of the court's questioning; indeed, in one exchange, his attorney stated, "I think your Honor's questions are exactly the ones that I was going to ask." Given that the court's questions appear to have been designed to clarify Earls's testimony, rather than to favor the prosecution, we cannot say that the questioning "so impressed the jury with the trial judge's partiality to the prosecution that this became a factor in determining the defendant's guilt." *United States v. Pisani*, 773 F.2d 397, 402 (2d Cir.1985). Accordingly, we hold that if there was error, it was not plain. *See United States v. Livoti*, 196 F.3d 322, 326 (2d Cir.1999) (reviewing for plain error where defense counsel failed to object to allegedly improper question posed by the trial court).

Upon our review of the District Court's sentencing proceeding, we find no error in the District Court's alleged "reliance" on a victim impact letter. The District Court properly calculated a Guidelines sentence, took into account the other factors set forth in 18 U.S.C. § 3553(a), and imposed a reasonable sentence, albeit one that was *below* the applicable Guidelines range for Earls's offense.

\*    \*    \*    \*    \*    \*

We have considered all of Earls's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.